**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:25-CV-00226-JHM**

**LAWAUN MONTEZ COLVIN**                                            **PLAINTIFF**

**v.**

**JOSEPH H. MCKINLEY, JR.**                                        **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action.   This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.   For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Lawaun Montez Colvin sues Defendant Joseph H. McKinley, Jr., a Senior United States District Judge and the undersigned (hereinafter "Defendant"), who presided over a previous § 1983 civil-rights action filed by Plaintiff.   *See Colvin v. Wilson*, Civil Action No. 5:23-CV-142-JHM.   An appeal is pending in that matter.   In the instant complaint [DN 1], Plaintiff complains that Defendant granted summary judgment in favor of the defendant Wilson in *Colvin v. Wilson* and, in doing so, "contradicted his own reason for granting the defendant summary . . . judgment in a way to obstruct proceedings with the intent to avoid facts in the case."   [*Id.* at 4].   Plaintiff indicates that his claim against Defendant is an "obstruction" claim.

As relief, Plaintiff seeks monetary and injunctive relief.

**II.**

The Court notes that the mere fact that Plaintiff sued the undersigned in this case does not require the Court to recuse itself.   *Meyers v. Clarke*, No. 7:23-CV-00160, 2023 WL 2815366, at

*1 (W.D. Va. Apr. 6, 2023), *appeal dismissed*, No. 23-6407, 2023 WL 7179475 (4th Cir. June 12, 2023).   Plaintiff cannot obtain recusal merely by naming judges as defendants.   *Id.* (citing *United States v. Watford*, 692 F. App'x 108, 110 n.1 (4th Cir. 2018) (affirming the denial of a recusal motion in a case in which the defendant had sued the presiding judge and explaining that "a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge")).

Moreover, the Court finds no valid basis for recusal under 28 U.S.C. § 455.   Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The Sixth Circuit has held that "[a] district judge is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"   *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)).   "This standard is objective and is not based 'on the subjective view of a party.'"   *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)); s*ee also Harris v. United States*, No. 20-5782, 2021 WL 3027830 (6th Cir. May 14, 2021).   This inquiry is "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances."   *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000).

Generally, recusal is not required because a party is dissatisfied with a court's ruling.   "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."   *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Vintilla v. Safeco Ins. Co.*, No. 1:05CV666, 2005 WL 1657056 (N.D. Ohio 2005); *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).   Essentially, "[t]he alleged facts . . . must relate to 'extrajudicial

conduct rather than . . . judicial conduct.'"  *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2007) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)); *see also Massey v. Specialized Loan Servicing, LLC*, No. 1:23-CV-00020-GNS, 2023 WL 6096953, at *4 (W.D. Ky. Sept. 18, 2023).   Courts have consistently recognized "that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994); *Philip Morris USA, Inc. v. U.S. Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016) (in finding that he was not disqualified, the judge noted that "a decision to recuse would encourage inappropriate judge-shopping by future litigants").

Finding no valid reason for recusal, the Court will conduct the initial review.

## III.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

3

(citations omitted)).    "But the district court need not accept a 'bare assertion of legal conclusions.'"    *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).    Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV.

### A.  Section 1983 Claims

Title 42 U.S.C. § 1983 is the operative statute for civil-rights claims against defendants employed by a state or local government, whereas civil-rights suits against federal employees are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).    Section 1983 actions and *Bivens* actions are analogous.    *See King v. Fuller*, No. 4:08-CV-36, 2008 WL 4613076, at \*2 (E.D. Tenn. Oct. 15, 2008) (finding "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions").    Defendant is a federal actor instead of a state actor and not subject to suit under § 1983.    Accordingly, the Court will construe Plaintiff's civil-rights suit against Defendant as brought under *Bivens*.

### B.  *Bivens* Action

Plaintiff sues Defendant in his individual and official capacities.

#### 1.  Official Capacity

A claim brought against a federal employee or official in his or her official capacity is actually brought against the United States, as the official's employer.    *See Kentucky v. Graham*,

473 U.S. 159, 165–66 (1985). "[C]laims against the United States and against any federal judges in their official capacity are subject to dismissal on the basis that such claims are absolutely barred by sovereign immunity." *Eaves v. Jennings*, No. 3:22-CV-P374-DJH, 2022 WL 3088104, at \*2 (W.D. Ky. Aug. 3, 2022) (quoting *Hessmer v. United States*, No. 3:13-MC-0042, 2013 U.S. Dist. LEXIS 64738, at \*5 (M.D. Tenn. May 7, 2013)). Therefore, Plaintiff's official-capacity claim against Defendant is barred by sovereign immunity and must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual Capacity

"Judges are entitled to judicial immunity arising out of the performance of their judicial functions." *Eaves*, 2022 WL 3088104, at \*2 (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Kipen v. Lawson*, 57 F. App'x 691, 691–92 (6th Cir. 2003) (discussing immunity of federal judges)). "Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages, and it applies even when a judge is accused of acting in bad faith, maliciously, or corruptly." *Eaves*, 2022 WL 3088104, at \*3 (citing *Mireles*, 502 U.S. at 11). "It also serves to protect federal judges from injunctive relief." *Crowe v. Albert*, No. 1:22-CV-70-BJB, 2022 WL 17363959, at \*2–3 (W.D. Ky. Dec. 1, 2022) (citing *Kipen*, 57 F. App'x at 691; *see also Walker v. Robey*, No. 3:21-CV-225-BJB, 2021 WL 5405785, at \*2 (W.D. Ky. Nov. 18, 2021), *aff'd*, No. 22-5401, 2023 WL 5275137 (6th Cir. June 23, 2023). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citations omitted).

Judicial immunity from suit can be overcome in two situations: liability for non-judicial actions, *i.e.*, "actions not taken in the judge's judicial capacity," and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither

applies to this complaint. Plaintiff's allegations arise wholly from Defendant's rulings in a prior action before him. Further, Defendant had jurisdiction over Plaintiff's civil action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Therefore, the individual-capacity claim against Defendant must be dismissed for seeking damages from a defendant immune from such relief.

**V.**

For these reasons, the Court will dismiss the action by separate Order.

Date: March 23, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.014